IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMIE LEE JOSHUA, JR.,

                Plaintiff,

  v.                                            ORDER

LARRY FUCHS, *et al.*,                  24-cv-275-wmc

                Defendants.

---

Plaintiff Jimmie Lee Joshua, Jr. is proceeding against defendants on Eighth Amendment, ADA/Rehabilitation Act and Wisconsin-law negligence claims based on his allegations that they housed him on a unit at Columbia Correctional Institution that required him to use a walker on stairs despite their awareness of the risk this posed to his safety. Dkt. 1. A preliminary pretrial conference is scheduled before me on August 12, 2025, at 2:30 p.m.

Defendants Larry Fuchs, Dawn Fofana, Jeanie Kramer and Melissa Block are state employees represented by the Wisconsin Department of Justice, which accepted service on their behalf. Dkt. 19. But defendant Marirose Howell does not fall into this group because she is a nurse allegedly employed by a staffing agency and thus is not a state employee. *See id*. The court sent Joshua a guide for properly serving a complaint on individuals in a federal lawsuit. Dkt. 21-1. Joshua filed documentation purporting to show that he sent Howell the complaint and summons via certified mail in late May or early June 2025. Dkts. 35 & 44-1.

This order addresses Joshua's motions for assistance in recruiting counsel, Dkts. 16 & 48, his motion for mediation, Dkt. 24, his letter to Judge Barbara Crabb, Dkt. 27, his motions

for default judgment against defendant Marirose Howell, Dkts. 23, 41 & 47, and his motions for a preliminary conference hearing, Dkts. 28 & 46.[1]

## ANALYSIS

### A. Motion for mediation, Dkt. 24

Joshua has filed a motion for mediation, but I will deny the motion because this court generally does not order parties to mediate. Mediation is helpful when all parties wish to participate. If all the parties in this case decide that mediation would be helpful, they may contact the clerk's office to schedule a mediation with Magistrate Judge Andrew Wiseman.

### B. Motions concerning defendant Marirose Howell, Dkts. 23, 27, 41 & 47

Joshua has written a letter to Judge Barbara Crabb questioning Magistrate Judge Andrew Wiseman's authority to issue summons for defendant Howell and an order requiring him to serve Howell with these documents. Dkt. 27. Joshua argues that the state is liable for Howell's conduct, and he has filed motions seeking default judgment against this defendant because she has not accepted service or appeared in this lawsuit. Dkts. 23, 41 & 47.

The court construes this letter as a motion for clarification and will grant it to clarify why Joshua is not yet entitled to any relief against Howell.[2] Magistrate judges generally have the authority to address non-dispositive pretrial matters that do not dispose of a party's claim

---

[1] Joshua has also filed a motion raising concerns regarding legal mail, Dkt. 17, that I will discuss with the parties at the preliminary pretrial conference. To that end, I will order counsel for the state defendants to inquire with Joshua's institution regarding his receipt of legal mail and to be prepared to provide an update to the court at the conference. The court will address Joshua's motion to amend his complaint, Dkt. 38, in a separate order.

[2] The court notes that Judge Barbara Crabb has retired.

or defense. 28 U.S.C. § 636(b)(A). Magistrate Judge Wiseman was within his authority to issue summons for service on Howell and to order Joshua to serve her himself because he is not proceeding in forma pauperis. *See Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008) (citing Fed. R. Civ. P. 4(c)(3)) (the decision of whether to order the Marshals to effect service on behalf of a plaintiff who is not proceeding in forma pauperis falls within the court's discretion). I will further explain the role of the magistrate judge in civil cases at the preliminary pretrial conference.

I will deny without prejudice Joshua's requests for default judgment against Howell because this defendant is not in default. The Wisconsin Department of Justice declined service on behalf of Howell, stating that this defendant does not work for the state, but for a third-party staffing agency. Joshua reports that this defendant worked at his institution, but that does not mean she was also a state employee. The Wisconsin Department of Corrections contracts with staffing agencies, but even though the employees of these agencies work at state institutions, they are not employees of the state, and they are not represented by the Wisconsin Department of Justice. *See, e.g.*, *Jacob v. Martin*, Case No. 24-C-1118, 2025 WL 880005, at *1 (E.D. Wis. March 21, 2025) (the state declined to represent a doctor associated with a staffing agency because the doctor was not a Wisconsin state employee); *Adams v. Tegels*, Case No. 18-cv-971-jdp, 2019 WL 5188971, at *3 (W.D. Wis. Oct. 15, 2019) (noting that a defendant "was formerly employed by a staffing agency that contracted with the Department of Corrections," and defendant was represented by her own attorney rather than the state). In declining to represent her, the Wisconsin Department of Justice is not taking a position with respect to Howell's liability in this case.

In response to Magistrate Judge Wiseman's order, Joshua sent Howell the summons, the complaint and the court's screening order via certified mail to Columbia Correctional Institution. Dkt. 44-1. Joshua has filed envelopes addressed to Howell at Columbia Correctional that have been returned. Dkt. 42-1. But service by mail is not authorized by Federal Rule of Civil Procedure 4, or by Wisconsin law, at least not without publication of the summons and a showing that a defendant could not be served personally.[3] *See* Wis. Stat. § 801.11(1)(c). Unless Howell has been properly served in accordance with the law, this defendant has no obligation to respond to this lawsuit and is not in default.

I will further discuss service on this defendant with the parties at the preliminary pretrial conference.

**C. Motions for assistance in recruiting counsel, Dkts. 16 & 48**

Joshua asks the court for counsel, citing his lack of understanding of the law and a history of mental illness and self-harm. In support, Joshua has filed letters from attorneys declining to represent him. Dkts. 33 & 34.

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

---

[3] The court's guide to proper service in a federal lawsuit explains both service by summons via a non-party who is at least 18 years old as well as service by waiver. Dkt. 21-1. Joshua did not include a request for a waiver of service among the documents he claims to have mailed to Howell, *see* Dkt. 26-1, and does not explain why he has been unable to serve Howell via a process server or other non-party over the age of 18. I will further discuss service on Howell at the preliminary pretrial conference.

To succeed on a motion to assist with the recruitment of counsel, Joshua must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

Joshua has met the first requirement because he has filed letters from attorneys declining to represent him, showing his reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts").

But Joshua must also show that he is unable to afford counsel. Joshua has not met this second requirement because the court has determined based on his trust fund account statement that he does not qualify for indigent status and is not proceeding in forma pauperis. Dkt. 4. His motion may be denied on this ground alone.

Finally, Joshua must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, Joshua's motion is premature because it is far too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel. Federal civil litigation is generally challenging for most self-represented parties, and their limited knowledge of the law is a common predicament. So are the limitations on incarcerated individuals. Joshua

5

has sued five defendants, alleging state and federal claims, but discovery has yet to begin. Joshua's filings do not suggest that his abilities fall below those of the hundreds of plaintiffs who bring cases in this court each year without the aid of counsel, despite any mental health challenges he is facing.

In support of his request, Joshua analogizes his case to that in this court of Jerry Saenz, Case no. 13-cv-697-bbc. In that case, the court recruited counsel for the plaintiff after the parties litigated a motion for partial summary judgment based on plaintiff's failure to exhaust administrative remedies "in light of the Count of Appeals recent (unpublished) opinion in *Garner v. Sumnicht.*" Case No. 13-cv-697-bbc, Dkt. 14 at 1. The Court of Appeals for the Seventh Circuit held in *Garner* that although the district court had misunderstood the plaintiff to be requesting a lawyer only for trial, the district court should have tried to help the plaintiff recruit a lawyer before trial based on the plaintiff's "mental limitations" and because the plaintiff appeared to be unable to present a case dependent on medical evidence. *Garner v. Sumnicht*, 554 F. App'x 500, 501–502 (7th Cir. 2014). But both cases are distinguishable in that Saenz had passed the summary-judgment-on-exhaustion phase before the court recruited counsel and the *Garner* court was concerned with the plaintiff's ability to present a possibly meritorious medical care claim at summary judgment — as noted above, discovery has not even opened in this case.

I will deny Joshua's motions without prejudice, which means that he can renew his request if his financial circumstances change and he believes that he is unable to litigate the lawsuit himself. If he refiles his motion, he will need to submit a new trust fund account statement showing indigency and explain what specific litigation tasks he is facing that he is unable to accomplish and why.

**D. Motions for a preliminary pretrial conference, Dkts. 28 & 46**

Joshua also requests a preliminary pretrial conference, but I will deny this request as moot. The court has scheduled a preliminary pretrial conference where I will set the case schedule and provide Joshua guidance on how to litigate his lawsuit as an unpresented party, including how to use the discovery process effectively to obtain evidence in support of his claim. I will also address his concerns regarding how to effect service on defendant Howell and with receipt of his legal mail. This will be his opportunity to ask questions about the litigation process and address any initial concerns with the court. Counsel for the state defendants is responsible for setting up the call and ensuring Joshua's participation.

ORDER

IT IS ORDERED that:

1) Plaintiff Jimmie Lee Joshua Jr.'s motion for mediation, Dkt. 24, is DENIED.

2) Plaintiff's motion for review by Judge Barbara Crabb, Dkt. 27, is construed as a motion for clarification and GRANTED.

3) Plaintiff's motions for default judgment against defendant Marirose Howell, Dkts. 23, 41 & 47, are DENIED without prejudice.

4) Plaintiff's motions for assistance in recruiting counsel, Dkts. 16 & 48, are DENIED without prejudice.

5) Plaintiff's motions for a preliminary pretrial conference, Dkts. 28 & 46, are DENIED as moot.

6) Defense counsel for the state defendants is ORDERED to inquire with plaintiff's institution regarding any delays in his receipt of legal mail in preparation to discuss the issue at the August 12, 2025 preliminary pretrial conference.

Entered July 21, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge