IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMIE LEE JOSHUA, JR.,

            Plaintiff,                    ORDER

v.

                                      24-cv-275-wmc

LARRY FUCHS, *et al.*,

            Defendants.

---

      Plaintiff Jimmie Lee Joshua, Jr., a prisoner who is representing himself, is proceeding on Eighth Amendment, ADA/Rehabilitation Act and Wisconsin-law negligence claims. The Wisconsin Attorney General's Office accepted service on behalf of all defendants except Marirose Howell, a nurse allegedly employed by Health Advocates Network based in Covina, California. Dkt. 19 at 1.

      Joshua has requested the court's assistance in locating Howell for purposes of service of process, Dkt. 67, and has also moved to dismiss her from lawsuit, Dkt. 69, presumably out of frustration with ongoing service issues. For the following reasons, I will grant Joshua's motion for assistance in locating Howell and provide options for service on this defendant. I will reserve ruling on Joshua's motion to dismiss to see if Joshua wishes to attempt service via one of the options discussed below. If Joshua decides that he still wants to dismiss Howell, he may notify the court.

ANALYSIS

The court denied Joshua's request to proceed in forma pauperis and he has paid the full filing fee. Dkt. 4 & Dkt. 5. Because Joshua is not proceeding in forma pauperis, he is responsible for serving the summons and complaint on Howell. *See* 28 U.S.C. § 1915(d) ("officers of the court shall issue and serve all process . . . in [in forma pauperis] cases."). On May 13, 2025, the clerk's office issued and mailed summons to Joshua for service on Howell, along with instructions on how to serve a complaint by summons or by waiver under Federal Rule of Civil Procedure 4 and notice and request for waiver forms. Dkt. 21 & Dkt. 22. The summons included an address for Howell at Columbia Correctional Institution.

Joshua's initial attempts to serve Howell via certified mail at Columbia Correctional Institution were not successful. *See* Dkt. 42-1. At the August 22, 2025 preliminary pretrial conference, I explained to Joshua why he was likely unsuccessful and how he could properly serve Howell, including by hiring a process server or by asking Howell to sign a waiver-of-service form. I sent him an order containing that guidance along with another copy of the court's service-of-process procedures, the waiver of service documents, and a copy of the complaint and the court's screening order. Dkt. 60. I also authorized the clerk's office to issue Joshua a new summons for Howell, Dkt. 61, and extended his deadline to serve Howell to October 27, 2025, Dkt. 60 at 4. The reissued summons did not include an address for Howell.

On October 20, 2025, Joshua filed a motion asking the court to help him locate Howell. Dkt. 67. He explained that he had attempted to serve Howell at the address the

2

court used on the initial summons—Columbia Correctional Institution—but had been told that Howell no longer works there, and he does not know how to locate her for purposes of service. *See* Dkt. 22 (initial summons). Four days later, on October 24, 2025, Joshua filed a motion to dismiss Howell without explaining why. Dk. 69. The court presumes that he may be frustrated with ongoing service issues regarding this defendant.

Joshua should be aware that the registered agent for Health Advocates Network, Howell's alleged employer, has the following address in Madison, Wisconsin:

CT Corporation

301 S. Bedford St. Suite #1

Madison, WI 53703

Joshua must now decide what to do. He may try to serve Howell at this address himself by summons or by waiver by following the guidance he has already received from the court, Dkt. 61-1, and specify that Howell is employed by Health Advocates Network. This is likely his quickest option. He can use any process server in the area to accomplish the same. The court cannot help him find a process server, but their contact information is available online and Joshua can inquire about hiring a process server in his institution's law library. If Joshua decides to serve Howell on his own, he may file proof of service by November 24, 2025.

He may also use the Marshals Service for a fee. Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, this court has the discretion to order that service be made by the United States Marshals Service, even though Joshua has paid the filing fee. *Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008). The court will not routinely exercise this discretion,

3

and will direct the use of the Marshals Service in this context only in those rare cases where a self-represented party has made repeated, unsuccessful good faith attempts to accomplish service on their own.

That is case here. Because Joshua was denied leave to proceed in forma pauperis, it appears that he can pay for the cost of service. The Marshals Service estimates that the cost of serving Howell in person will be approximately $65.70, and could be more depending on the circumstances. If Joshua wishes the Marshals Service to serve the summons and complaint on Howell, he must either, by November 24, 2025:

1) Send a check payable to the U.S. Marshals Service for $65.70; or
2) File a motion for leave to proceed in forma pauperis accompanied by a certified copy of his inmate trust fund account statement for the six-month period immediately preceding his October 20, 2025, motion to the court requesting assistance with service.

After the court either receives a check from Joshua for $65.70 or a trust fund account statement showing that Joshua is now indigent, the court will order the Marshals Service to serve Howell. If, by November 24, 2025, plaintiff fails to file proof of service, send a check to the U.S. Marshals Service, or move for leave to proceed in forma pauperis, the court will dismiss his claims against Howell for his failure to serve her.

Joshua may still decide that he wants to dismiss Howell. If so, he must notify the court by November 7, 2025, and the court will grant his motion to dismiss, Dkt. 69. If the court does not receive notice from Joshua by that date, it will presume that he has decided to try to serve Howell and will treat his motion to dismiss as withdrawn.

ORDER

IT IS ORDERED that:

1) Plaintiff Jimmie Lee Joshua, Jr.'s motion for help locating defendant Marirose Howell, Dkt. 67, is GRANTED.

2) If plaintiff still wishes to dismiss defendant Marirose Howell, he must notify the court by November 7, 2025.  If the court does not receive notice by that date, it will treat his motion to dismiss Howell, Dkt. 69, as withdrawn and presume that he is attempting to serve this defendant.

3) If plaintiff decides not to dismiss Howell, he may have until November 24, 2025, to accomplish service on Howell by one of the following three methods:

    1) File proof of service as to Howell;

    2) Submit a check payable to the U.S. Marshals Service for $67.50; or

    3) File a motion for leave to proceed *in forma pauperis* and a trust fund account statement with the court for the period beginning approximately April 21, 2025, and ending October 20, 2025.

4) If, by November 24, 2025, plaintiff fails to take any of these steps toward serving Howell, the court will dismiss his claims against Howell for his failure to serve her.

Entered October 24, 2025.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
United States Magistrate Judge

5